**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores, LLC,<br><br>              Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |
| META Advisors LLC as Trustee of the 99 Cents Creditors' Liquidating Trust<br><br>          Plaintiff,<br><br>      vs.<br><br>Franklin Family Partnership, L.P.,<br><br>          Defendant. | Adv. Pro. No. 26-_____ |

## COMPLAINT

META Advisors LLC (the "Trustee" or "Plaintiff"), acting in its capacity as Trustee of the 99 Cents Creditors' Liquidating Trust (the "Trust"), formed pursuant to the confirmed *Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates*, [Case No. 23-10719, Docket No. 1733] (the "Plan"), on behalf of the Trust, hereby alleges the following claim for breach of contract against defendant Franklin Family Partnership, L.P.  ("Defendant").  Plaintiff alleges the following upon personal knowledge as to itself and its own acts, and as to all other matters upon information and belief, based upon the investigation made by and through its attorneys and upon its own investigation made by and through its advisors.

---

[1]    The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

## NATURE OF THE CASE

1.      The Trust brings this adversary proceeding to recover $185,633.19 in common area maintenance ("CAM") charges (the "CAM Charges") owed to Debtor 99 Cents Only Stores LLC ("99 Cents Only") by Defendant pursuant to its obligations under its lease with 99 Cents Only. Despite demand, and in breach of the Lease Documents (defined below), Defendant has failed to pay the CAM Charges to Debtor 99 Cents Only or to the Trust.

## JURISDICTION AND VENUE

2.      This action arises out of and relates to the Debtors' bankruptcy cases pursuant to 28 U.S.C. §§ 157(c)(1). The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Trust confirms its consent pursuant to Local Rule 7008-1 to the entry of a final order by the Court in connection with this complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

## PROCEDURAL BACKGROUND

4.      On April 7, 2024 (the "Petition Date"), 99 Cents Only Stores LLC and certain of its affiliates (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On January 24, 2025, the Bankruptcy Court entered an order (the "Confirmation Order"), Case No. 24-10719 (the "Main Case"), Docket No. 1733-1, confirming the *Joint Chapter*

*11 Plan of Number Holdings, Inc., and Its Debtor Affiliates* (as confirmed, the "Plan"),[2] which became effective on January 31, 2025 (the "Effective Date").

6.      Among other things, the Plan and Confirmation Order provided for the establishment of the Trust on the Effective Date pursuant to the terms and conditions of the Plan, Confirmation Order, and that certain *Liquidating Trust Agreement and Declaration of Trust* (the "Liquidating Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents").  *See* Main Case, Docket No. 1776.  With limited exceptions, all of the Debtors' property, wherever located, tangible or intangible, was automatically transferred to and vested in the Trust on the Effective Date.

## PARTIES

7.      Under the Plan Documents, the Trust was established for the purpose of collecting, holding, administering, distributing, and liquidating the Liquidating Trust Assets for the benefit of the Trust's beneficiaries.  *See* Plan § IV.C; Liquidating Trust Agreement § 2.2.  The Liquidating Trustee is authorized and required to protect and enforce the Trust's rights to the Liquidating Trust Assets, which includes, but is not limited to, Cash, records, and certain Liquidating Trust Causes of Action.  *See* Plan § IV.D; Liquidating Trust Agreement § 2.3.2.

8.      The Liquidating Trust Agreement authorizes the Trust to bring adversary proceedings in its own name.  *See* Liquidating Trust Agreement, § 2.4.

9.      Defendant is a limited partnership organized and existing under the laws of the State of California, and is headquartered in Las Vegas, Nevada.

## FACTUAL BACKGROUND

10.      As of the Petition Date, Defendant was the successor to the lessor's interest, and Debtor 99 Cents Only was the successor to the lessee's interest under that certain lease dated

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

October 29, 1971, as amended (the "Lease"), for the premises located at 9640 Baseline Rd., Rancho Cucamonga, California 91701 (the "Leased Premises"). The Lease was rejected as of June 12, 2024 (the "Rejection Date"). *See* Case No. 24-10719, Docket No. 830.

11.     In addition, and as described in the *Supplemental Objection of Franklin Family Partnership Regarding Cure Issues, and Objection Regarding Adequate Assurance, In Connection with Proposed Assumption and Assignment of Lease to Socal Dollar Store LLC* (the Supplemental Objection"), *see* Main Case docket No. 733, pursuant to an addendum (the "Addendum") to the Lease, 99 Cents Only, as lessee, was responsible for managing, and fronting the cost of CAM obligations for the shopping center in which the Leased Premises are located.

12.     Specifically, paragraph 2 of the Addendum provides:

> The demised premises are leased together with and subject to the provisions of that certain "Declaration of Establishment of Protective Covenants, Conditions and Restrictions and ants of Easements" dated May 12, 1972, herein called "The Declaration", between Alta Loma Center and Alpha Beta Acme Markets, Inc., and recorded or to be recorded. Tenant agrees to abide by and not to violate any of the provisions of the Declaration. During the term of this lease, Tenant agrees to perform all the duties, pay for all the obligations and assume all the liabilities under The Declaration with respect to the demised premises, including, but not limited to, the obligations to perform or pay for common area maintenance and charges.

13.     Section 5.1. of the "Declaration" referred to in the Addendum (the "Declaration," and collectively with the Lease and the Addendum, the "Lease Documents") provides:

> The owner of Parcel 3[3] shall . . . subject to the terms and conditions hereinbelow set forth, be the "Operator," which Operator shall operate and maintain or cause to be operated and maintained the Common Areas of the Shopping Center . . . .

14.     Section 5 of the Declaration also provides, *inter alia*, for the Operator to obtain general liability insurance (*see* Section 5.2); to expend monies reasonably necessary for the

---

[3]     Parcel 3 as referred to in the Declaration means the Leased Premises.

operation and maintenance of the common area on a non-profit basis (*see* Section 5.3); and to provide written statements of the costs and expenses of operation and maintenance of the common area (the "Written Statements") to each owner (an "Owner") of property subject to the Declaration (*see* Section 5.4).

15.     Pursuant to section 5.4 of the Declaration, an Owner is required to pay to the Operator the amounts set out in the Written Statements within 30 days of receipt thereof.

16.     99 Cents Only acted as the CAM "Operator" as that term was defined in the Declaration from the date on which became lessee under the Lease through the Rejection Date. *See* Supplemental Objection, ¶ 4.

17.     In accordance with the Declaration, on March 21, 2024, 99 Cents Only sent to Defendant a Written Statement for 2023 in which it sought payment for CAM charges in the amount of $38,126.89 and a Written Statement for 2024 in which it sought payment for CAM charges in the amount $147,506.30.

18.     Defendant has failed to remit these amounts to 99 Cents Only or the Trust.

## FIRST CLAIM FOR RELIEF
### Breach of the Lease Documents

19.     The Trust repeats, realleges and incorporates by reference the allegations contained in each proceeding paragraph of this Complaint as though fully set forth herein.

20.     The Lease Documents are binding and enforceable contracts.

21.     Defendant breached the Lease Documents by failing to pay the CAM Charges.

22.     As a direct and proximate cause Defendant's breach of the Lease Documents, 99 Cents has suffered damages in the amount of at least $185,633.19 plus interest, costs, and expenses, including attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Bankruptcy Court grant the following relief

against Defendant:

a. Judgment in favor of the Trust and against Defendant in an amount not less than $185,633.19, plus interest at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and

b. Granting the Trust such other and further relief as the Bankruptcy Court may deem just and proper.

Dated: February 19, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:    bsandler@pszjlaw.com
              pkeane@pszjlaw.com

-and-

Shirley S. Cho (admitted *pro hac vice*)
Beth E. Levine (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:    scho@pszjlaw.com
              blevine@pszjlaw.com

*Counsel to the 99 Cents Creditors' Liquidating Trust*