**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| 99 Cents Only Stores, LLC, | Case No. 24-10721 (JKS) |
| Post-Confirmation Debtors.[1] | |
| META Advisors LLC as Trustee of the 99 Cents Creditors' Liquidating Trust, | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 26-50110 |
| Franklin Family Partnership, L.P. | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT[2]**

Franklin Real Estate, LP d/b/a Franklin Family Partnership (hereafter, "FFP" or "Defendant"), hereby answers the Complaint of META Advisors LLC (the "Trustee" or "Plaintiff"), acting in its capacity as Trustee of the 99 Cents Creditors' Liquidating Trust (the "Trust"), as follows:

**NATURE OF THE CASE[3]**

1.      The Trust brings this adversary proceeding to recover $185,633.19 in common area maintenance ("CAM") charges (the "CAM Charges") owed to Debtor 99 Cents Only Stores LLC ("99 Cents Only") by Defendant pursuant to its obligations under its lease with 99 Cents Only. Despite demand, and in breach of the Lease Documents (defined below), Defendant has failed to pay the CAM Charges to Debtor 99 Cents Only or to the Trust.

---

[1]      The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

[2]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Complaint.

[3]      FFP in this pleading has adopted the Trustee's section headings for the convenience of the reader and for ease of comparison of the Complaint and Answer but does not adopt such for any substantive implication or inference the Trustee might assert should be drawn therefrom, all of which are denied.

ANSWER:     Paragraph 1 of the Complaint sets forth the Trustee's positions and not allegations of fact to which a response is required. Answering further, FFP denies that the Trustee is entitled to any relief in this adversary proceeding. To the extent Paragraph 1 of the Complaint contains any allegations of fact they are denied.

## JURISDICTION AND VENUE

2.     This action arises out of and relates to the Debtors' bankruptcy cases pursuant to 28 U.S.C. §§ 157(c)(1). The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Trust confirms its consent pursuant to Local Rule 7008-1 to the entry of a final order by the Court in connection with this complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

ANSWER:     FFP Admits the first two sentences of Paragraph 2 of the Complaint but states that the remainder of Paragraph 2 of the Complaint sets forth the Trustee's position and not allegations of fact to which a response is required. Answering further, FFP denies that the Trustee is entitled to any relief in this adversary proceeding.

3.     Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

ANSWER:     Admitted.

## PROCEDURAL BACKGROUND

4.     On April 7, 2024 (the "Petition Date"), 99 Cents Only Stores LLC and certain of its affiliates (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

ANSWER:     Admitted.

5.     On January 24, 2025, the Bankruptcy Court entered an order (the "Confirmation Order"), Case No. 24-10719 (the "Main Case"), Docket No. 1733-1, confirming the *Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates* (as confirmed, the "Plan") which became effective on January 31, 2025 (the "Effective Date").

57504772.2

ANSWER:   Admitted.

6.      Among other things, the Plan and Confirmation Order provided for the establishment of the Trust on the Effective Date pursuant to the terms and conditions of the Plan, Confirmation Order, and that certain *Liquidating Trust Agreement and Declaration of Trust* (the "Liquidating Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents"). *See* Main Case, Docket No. 1776.  With limited exceptions, all of the Debtors' property, wherever located, tangible or intangible, was automatically transferred to and vested in the Trust on the Effective Date.

ANSWER:   FFP responds to Paragraph 6 of the Complaint by averring that the

Plan Documents are writings that speaks for themselves and any incorrect or incomplete

characterization or recitation of any provision of the Plan Documents is denied.

**PARTIES**

7.      Under the Plan Documents, the Trust was established for the purpose of collecting, holding, administering, distributing, and liquidating the Liquidating Trust Assets for the benefit of the Trust's beneficiaries. *See* Plan § IV.C; Liquidating Trust Agreement § 2.2.  The Liquidating Trustee is authorized and required to protect and enforce the Trust's rights to the Liquidating Trust Assets, which includes, but is not limited to, Cash, records, and certain Liquidating Trust Causes of Action. *See* Plan § IV.D; Liquidating Trust Agreement § 2.3.2.

ANSWER:   FFP responds to Paragraph 7 of the Complaint by averring that the

Plan Documents are writings that speaks for themselves and any incorrect or incomplete

characterization or recitation of any provision of the Plan Documents is denied.

8.      The Liquidating Trust Agreement authorizes the Trust to bring adversary proceedings in its own name. See Liquidating Trust Agreement, § 2.4.

ANSWER:   FFP responds to Paragraph 8 of the Complaint by averring that the

Liquidating Trust Agreement is a writing that speaks for itself and any incorrect or

incomplete characterization or recitation of any provision of the Liquidating Trust

Agreement is denied.

9.      Defendant is a limited partnership organized and existing under the laws of the State of California, and is headquartered in Las Vegas, Nevada.

ANSWER:   Denied.

3

57504772.2

## FACTUAL BACKGROUND

10.    As of the Petition Date, Defendant was the successor to the lessor's interest, and Debtor 99 Cents Only was the successor to the lessee's interest under that certain lease dated October 29, 1971, as amended (the "Lease"), for the premises located at 9640 Baseline Rd., Rancho Cucamonga, California 91701 (the "Leased Premises").  The Lease was rejected as of June 12, 2024 (the "Rejection Date").  *See* Case No. 24-10719, Docket No. 830.

ANSWER:    Admitted.

11.    In addition, and as described in the *Supplemental Objection of Franklin Family Partnership Regarding Cure Issues, and Objection Regarding Adequate Assurance, In Connection with Proposed Assumption and Assignment of Lease to Socal Dollar Store LLC* (the Supplemental Objection"), *see* Main Case docket No. 733, pursuant to an addendum (the "Addendum") to the Lease, 99 Cents Only, as lessee, was responsible for managing, and fronting the cost of CAM obligations for the shopping center in which the Leased Premises are located.

ANSWER:    Denied.

12.    Specifically, paragraph 2 of the Addendum provides:

The demised premises are leased together with and subject to the provisions of that certain "Declaration of Establishment of Protective Covenants, Conditions and Restrictions and ants of Easements" dated May 12, 1972, herein called "The Declaration", between Alta Loma Center and Alpha Beta Acme Markets, Inc., and recorded or to be recorded. Tenant agrees to abide by and not to violate any of the provisions of the Declaration. During the term of this lease, Tenant agrees to perform all the duties, pay for all  the obligations and assume all the liabilities under The Declaration with respect to the demised premises, including, but not limited to, the obligations to perform or pay for common area maintenance and charges.

ANSWER:    FFP admits that paragraph 2 of the Addendum is set forth in Paragraph 12 of the Complaint.

13.    Section 5.1. of the "Declaration" referred to in the Addendum (the "Declaration," and collectively with the Lease and the Addendum, the "Lease Documents") provides:

The owner of Parcel 3[4] shall . . . subject to the terms and conditions hereinbelow set forth, be the "Operator," which Operator shall operate and maintain or cause to be operated and maintained the

---

[4]    Parcel 3 as referred to in the Declaration means the Leased Premises.

4

Common Areas of the Shopping Center . . . .

ANSWER:      FFP admits that excerpts of Section 5.1 of the Declaration is set forth

in Paragraph 13 of the Complaint.

14.      Section 5 of the Declaration also provides, *inter alia*, for the Operator to obtain general liability insurance (*see* Section 5.2); to expend monies reasonably necessary for the operation and maintenance of the common area on a non-profit basis (*see* Section 5.3); and to provide written statements of the costs and expenses of operation and maintenance of the common area (the "Written Statements") to each owner (an "Owner") of property subject to the Declaration (*see* Section 5.4).

ANSWER:      FFP responds to Paragraph 14 of the Complaint by averring that the

Declaration is a writing that speaks for itself and any incorrect or incomplete

characterization or recitation of any provision of the Declaration is denied.

15.      Pursuant to section 5.4 of the Declaration, an Owner is required to pay to the Operator the amounts set out in the Written Statements within 30 days of receipt thereof.

ANSWER:      FFP responds to Paragraph 15 of the Complaint by averring that the

Declaration is a writing that speaks for itself and any incorrect or incomplete

characterization or recitation of any provision of the Declaration is denied.

16.      99 Cents Only acted as the CAM "Operator" as that term was defined in the Declaration from the date on which became lessee under the Lease through the Rejection Date. See Supplemental Objection, ¶ 4.

ANSWER:      Denied.

17.      In accordance with the Declaration, on March 21, 2024, 99 Cents Only sent to Defendant a Written Statement for 2023 in which it sought payment for CAM charges in the amount of $38,126.89 and a Written Statement for 2024 in which it sought payment for CAM charges in the amount $147,506.30.

ANSWER:      Denied.

18.      Defendant has failed to remit these amounts to 99 Cents Only or the Trust.

ANSWER:      FFP admits that it has not remitted the amounts recited in Paragraph

17 of the Complaint to 99 Cents Only or the Trust and avers that it has no legal or equitable

5

obligation to do so. Answering further, FFP avers that the Plaintiff is not entitled to any relief in this adversary proceeding.

## FIRST CLAIM FOR RELIEF
### Breach of the Lease Documents

19.     The Trust repeats, realleges and incorporates by reference the allegations contained in each proceeding (sic) paragraph of this Complaint as though fully set forth herein.

ANSWER:     FFP repeats, realleges and incorporates by reference the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein

20.     The Lease Documents are binding and enforceable contracts.

ANSWER:     Paragraph 20 of the Complaint sets forth conclusions of law and/or the Trustee's legal positions and not allegations of fact to which a response is required. To the extent any allegations of fact are included in Paragraph 20 or a response otherwise is required, FFP denies Paragraph 20 of the Complaint and further denies that the Trustee is entitled to any relief in this adversary proceeding.

21.     Defendant breached the Lease Documents by failing to pay the CAM Charges.

ANSWER:     Paragraph 21 of the Complaint sets forth conclusions of law and/or the Trustee's legal positions and not allegations of fact to which a response is required. To the extent any allegations of fact are included in Paragraph 21 or a response otherwise is required, FFP denies Paragraph 21 of the Complaint and further denies that the Trustee is entitled to any relief in this adversary proceeding.

22.     As a direct and proximate cause Defendant's breach of the Lease Documents, 99 Cents has suffered damages in the amount of at least $185,633.19 plus interest, costs, and expenses, including attorneys' fees.

ANSWER:     Paragraph 22 of the Complaint sets forth conclusions of law and/or the Trustee's legal positions and not allegations of fact to which a response is required. To the extent any allegations of fact are included in Paragraph 22 or a response otherwise is

57504772.2

required, FFP denies Paragraph 22 of the Complaint and further denies that the Trustee is entitled to any relief in this adversary proceeding.

WHEREFORE, FFP respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment for it and against the Trustee and grant it such other and/or further relief as this Court deems just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to FFP's rights of setoff, recoupment and/or rights under similar doctrines, as FFP has claims against 99 Cents Only, as evidenced by its proofs of claim filed in the 99 Cents Only bankruptcy case, in excess of the alleged claim asserted by the Trust against FFP.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the any one or more of the doctrines of unjust enrichment, quantum meruit, unclean hands, in pari delicto, laches, estoppel, accord and satisfaction, release, waiver, res judicata, collateral estoppel, claims preclusion, and/or issue preclusion are applicable to this adversary proceeding as demonstrated by facts set forth in pleadings and/or disclosed by discovery and the evidence produced or obtained during this proceeding.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on its claims to the extent they are barred by applicable statute of limitations.

57504772.2

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on its claims to the extent they are barred by laches.

## SIXTH AFFIRMATIVE DEFENSE

Any and all allegations set forth in the Complaint which were not specifically and expressly admitted are hereby denied.

## RESERVATION OF RIGHTS

FFP reserves the right to assert any claims or other defenses as may be available, or become available to FFP during the course of discovery and to amend its answer to allege such defenses as they become known.

WHEREFORE, FFP respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment for it and against the Trustee and grant it such other and/or further relief as this Court deems just and appropriate.

Dated: March 20, 2026          **SAUL EWING LLP**

By:    */s/ John D. Demmy*
         John D. Demmy (Bar No. 2802)
         1201 N. Market Street, Suite 2300
         P.O. Box 1266
         Wilmington, DE 19899
         Telephone: (302) 421-6848
         Email: john.demmy@saul.com

         *Attorneys for Franklin Real Estate, LP d/b/a*
         *Franklin Family Partnership, LP*

8